1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                              DISTRICT OF NEVADA
7                                    * * *
8    WILLIE ASHBY GRAVES,                  Case No. 3:08-cv-00150-MMD-VPC
9                          Petitioner,                  ORDER
10          v.
11   ROBERT LeGRAND, et al.,
12                          Respondents.
13
14          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28
15   U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on
16   respondents' second motion to dismiss the petition. (Dkt. no. 24.)
17   I.     PROCEDURAL HISTORY
18          Petitioner was convicted, pursuant to a jury trial, of sexual assault and false
19   imprisonment. (Exhs. 1 & 13.)[1] Sentencing was held on June 2, 2004. (Exh. 14.) The
20   judgment of conviction was filed that same day, setting forth the sentence of 10 to 25
21   years in prison on the sexual assault count, with a concurrent 12-month sentence for
22   the false imprisonment count. (Exh. 15.)
23          Petitioner filed a timely notice of appeal. (Exh. 16.) Appellate counsel filed a fast
24   track statement on July 20, 2004. (Exh. 17.) A fast track response was filed on August
25   6, 2004. (Exh. 18.) The Nevada Supreme Court affirmed the verdict in a written opinion
26   dated November 4, 2004. (Exh. 19.)
27   _____
28          [1]The exhibits referenced in this order are found in the Court's record at dkt. nos.
     13 & 25.

On August 9, 2005, petitioner filed a *pro se* post-conviction petition for writ of habeas corpus in state district court. (Exh. 20.) Counsel was then appointed to represent petitioner, and counsel filed a supplement to the petition on December 9, 2005. (Exh. 21.) The State filed a motion to dismiss the petition and the supplement on January 19, 2006. (Exh. 22.) In an order dated February 2, 2007, the state district court dismissed the claims in the *pro per* petition as procedurally barred, but allowed an evidentiary hearing on the supplemental claim. (Exh. 25.) The evidentiary hearing was held and, on April 25, 2007, the state district court denied the supplemental claim. (Exh. 26.) Petitioner filed a timely notice of appeal. (Exh. 27.)

Petitioner, who was represented by counsel on appeal, filed a fast track statement on July 18, 2007. (Exh. 28.) The State filed a fast track response on August 8, 2007. (Exh. 29.) The Nevada Supreme Court issued its order of affirmance on February 7, 2008. (Exh. 30.)

On March 25, 2008, petitioner dispatched his federal habeas petition to this Court, pursuant to 28 U.S.C. § 2254. (Dkt. no. 8.) Respondents moved to dismiss the petition as unexhausted. (Dkt. no. 13.) After briefing of the motion, this Court entered an order ruling that Grounds 4, 5, and 6 of the petition were unexhausted. (Dkt. no. 19.) In the order finding Grounds 4, 5, and 6 unexhausted, petitioner was given the option of either: (1) abandoning his unexhausted claims and proceeding with his exhausted claims; (2) dismissing this action without prejudice and returning to state court to exhaust his unexhausted claims; or (3) seeking a stay and abeyance of this action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), while he returned to state court to exhaust his unexhausted claims. (Dkt. no. 19, at pp. 6-7.) Petitioner chose to move for a stay and abeyance. (Dkt. no. 20.) By order filed August 14, 2009, this Court granted petitioner's motion for a stay and abeyance while he returned to state court to exhaust his unexhausted claims. (Dkt. no. 22.) This Court's order granting the stay and abeyance was specifically "conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within forty-five (45) days from the

1  entry of this order and returning to federal court with a motion to reopen [this case]

2  within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada

3  at the conclusion of the state court proceedings." (Dkt. no. 22, at p. 2.)

4  On September 18, 2009, petitioner filed a state petition in compliance with this

5  Court's order. The state district court denied the petition and petitioner filed his opening

6  appellate brief on April 23, 2012. (Supplemental Exh. 1.) The Nevada Supreme Court

7  denied the appeal by order filed January 16, 2013. (Supplemental Exh. 2.) The Nevada

8  Supreme Court issued its remittitur on February 11, 2013. (Supplemental Exh. 3.)

9  **II.    DISCUSSION**

10  Respondents move to dismiss this action because petitioner failed to file a

11  motion to reopen this case within forty-five days of the Nevada Supreme Court's

12  remittitur, as was directed in the Court's order granting the stay and abeyance. (Dkt.

13  nos. 22 & 24.) Respondents correctly note that, pursuant to this Court's order of August

14  14, 2009, petitioner was directed to file a motion to reopen this action within forty-five

15  days following the issuance of the Nevada Supreme Court's remittitur. The Nevada

16  Supreme Court issued its remittitur on February 11, 2013. (Supplemental Exh. 3.) The

17  time for petitioner to comply with the Court's order by filing a motion to reopen this

18  action expired on March 29, 2013. Respondents argue that pursuant to Local Rule 4-1

19  of Part IA, this Court has authority to impose "any and all appropriate sanctions on an

20  attorney or party appearing in *pro se* who, without just cause . . . fails to comply with any

21  order of this Court." Respondents ask the Court to dismiss this action based on

22  petitioner's failure to comply with the Court's order by filing a motion to reopen the case

23  or taking other appropriate action.

24  The Court notes that respondents' present motion to dismiss this action was

25  served on petitioner at his correct address of Lovelock Correctional Center. (Dkt. no. 24,

26  at p. 4.) Additionally, on April 10, 2014, this Court served petitioner with a notice

27  informing him of his right to file a written opposition to the motion to dismiss. (Dkt. no.

28  27.) The notice was served on petitioner at his address of record, Lovelock Correctional

3

1    Center. (*Id.*)[2]  Petitioner has failed to file a response to the motion to dismiss. Petitioner

2    has failed to comply with this Court's order directing him to file a motion to reopen this

3    action within forty-five days following the Nevada Supreme Court's issuance of remittitur

4    on February 11, 2013.

5           District courts have the inherent power to control their dockets and "in the

6    exercise of that power, they may impose sanctions including, where appropriate . . .

7    dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

8    court may dismiss an action, with prejudice, based on a party's failure to prosecute an

9    action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*

10   *Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus

11   petition with prejudice for failure to prosecute action and failure to comply with a court

12   order)*; Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

13   with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal

14   for failure to comply with an order requiring amendment of complaint); *Carey v. King*,

15   856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule

16   requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

17   *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

18   order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure

19   to lack of prosecution and failure to comply with local rules).

20          In determining whether to dismiss an action for lack of prosecution, failure to

21   obey a court order, or failure to comply with local rules, the Court must consider several

22   factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

23   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

24   favoring disposition of cases on their merits; and (5) the availability of less drastic

25   _____

26          [2]Although the docket reflects that the Court's notice was returned as
     undeliverable, this is because the Clerk served petitioner with the notice at both Nevada
27   State Prison as well as Lovelock Correctional Center. The notice mailed to Nevada
     State Prison was returned as undeliverable. The notice mailed to Lovelock Correctional
     Center was not returned as undeliverable and presumptively was received by petitioner.
28   (*See* dkt. nos. 27 & 28.)

4

alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, petitioner's failure to respond to the motion to dismiss, even after the Court's written notice of his right to so respond, leaves the Court with little alternative other than dismissal. Petitioner has failed to obey this Court's prior order by failing to file a motion to reopen the case within forty-five days of the Nevada Supreme Court's February 11, 2013, issuance of remittitur. Petitioner has failed to respond to the pending motion to dismiss or to otherwise prosecute this action. Under such circumstances, there is no lesser alternative than dismissal of this action with prejudice.

**III.   CERTIFICATE OF APPEALABILITY**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that

1    reasonable jurists would find the district court's assessment of the constitutional claims

2    debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold

3    inquiry, the petitioner has the burden of demonstrating that the issues are debatable

4    among jurists of reason; that a court could resolve the issues differently; or that the

5    questions are adequate to deserve encouragement to proceed further. *Id.* In this case,

6    no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.

7    The Court therefore denies petitioner a certificate of appealability.

8    **IV.    CONCLUSION**

9         It is therefore ordered that respondents' motion to dismiss (dkt. no. 24) this action

10   is granted**.**

11        It is further ordered that respondents' motion to substitute Robert LeGrand for

12   and in place of William Donat as the respondent (dkt. no. 29) is granted.

13        It is further ordered that this action is dismissed with prejudice based on

14   petitioner's failure to comply with the Court's order of August 14, 2009, and his failure to

15   prosecute this action.

16        It is further ordered that petitioner is denied a certificate of appealability.

17        It is further ordered that the Clerk of Court shall enter judgment accordingly.

18
     DATED THIS 12th day of January 2015.
19

20

21                                                    _____
                                                      MIRANDA M. DU
22                                                    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28